■ RANDI MILLER, Appellant, v JOSEPH V. DONOHUE et al., Respondents. [671 NYS2d 1016] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated May 6, 1997, which granted the defendants' motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs to the respondent Joseph V. Donohue.

Once the defendants submitted evidence establishing that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), the burden shifted to the plaintiff to produce evidentiary proof in admissible form demonstrating the existence of a triable issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955). The affidavit of the plaintiff's examining physician, Dr. Howard M. Baruch, did not provide sufficient detail concerning the nature of the plaintiff's prior medical treatment or any explanation for the almost five-year gap between the plaintiff's treatment in April 1992 by Dr. James A. Charles, and her subsequent visit to the examining physician in January 1997 and was, thus, insufficient to raise a triable issue of

fact (*see, Medina v Zalmen Reis & Assocs.,* 239 AD2d 394; *Verrelli v Tronolone,* 230 AD2d 789; *Komar v Showers,* 227 AD2d 135; *Morales v Luna,* 205 AD2d 673). Similarly, the plaintiff's affidavit, which contradicted her bill of particulars, consisted of merely "conclusory assertions tailored to meet statutory requirements" (*Lopez v Senatore,* 65 NY2d 1017, 1019) and was also insufficient to raise a triable issue of fact. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.