■ Maria Guzman, Respondent, v Paul Michael Management et al., Appellants. [698 NYS2d 719] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 27, 1998, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court erred in denying the defendants' motion

for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The affirmed medical reports of the physicians who examined the plaintiff on behalf of the defendants were sufficient to establish a prima facie case that the plaintiff did not sustain such serious injury as a result of the underlying collision (*see, Gaddy v Eyler,* 79 NY2d 955). The burden therefore shifted to the plaintiff to come forward with sufficient evidence that she had sustained a serious injury (*see, Licari v Elliott,* 57 NY2d 230; *Lopez v Senatore,* 65 NY2d 1017).

Contrary to the conclusion of the Supreme Court, the plaintiff's evidence submitted in opposition to the defendants' motion was insufficient to raise a triable issue of fact as to whether she sustained a serious injury. First, the court improperly considered the unaffirmed report of the plaintiff's examining neurologist, as it was not submitted in admissible form (*see, Grasso v Angerami,* 79 NY2d 813, 814). Moreover, although the plaintiff submitted evidence that she suffered from a herniated disc and bulging discs, such injuries do not, in and of themselves, constitute serious injury (*see, Noble v Ackerman,* 252 AD2d 392, 394; *cf., Puma v Player,* 233 AD2d 308). Rather, the plaintiff was required "to provide objective evidence of the extent or degree of the alleged physical limitations resulting from the injuries and their duration" (*Noble v Ackerman, supra,* at 394). The affidavit of the plaintiff's treating chiropractor was insufficient for that purpose, as it was based upon an examination conducted in October 1995, almost three years before the defendants' summary judgment motion (*see, Schultz v Von Voight,* 216 AD2d 451, 452, *affd* 86 NY2d 865; *Beckett v Conte,* 176 AD2d 774; *Philpotts v Petrovic,* 160 AD2d 856, 857). The plaintiff submitted no other medical evidence connecting her herniated disc or bulging discs to any limitation of motion (*see, Merisca v Alford,* 243 AD2d 613; *Delaney v Rafferty,* 241 AD2d 537), and the plaintiff's subjective complaints of pain, as contained in her affidavit, were insufficient for this purpose (*see, Lincoln v Johnson,* 225 AD2d 593; *Orr v Miner,* 220 AD2d 567, 568). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.