■ NANCY FOLEY, Respondent, v DIMITROS KARVELIS et al., Appellants. (And Another Action.) [714 NYS2d 337] —In an action

to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (McCarty, J.), entered November 4, 1999, which denied their motion for summary judgment on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, with costs, the motion is granted, and the complaint is dismissed.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Thus, it was incumbent upon the plaintiff to raise a triable issue of fact as to whether she sustained a serious injury (*see, Gaddy v Eyler,* 79 NY2d 955; *Licari v Elliott,* 57 NY2d 230).

The plaintiff claims that the medical reports which indicated that she had a right L5-S1 radiculopathy and disc bulge and a mild right C6-7 radiculopathy raised a triable issue of fact as to whether she sustained a significant limitation of use of a body function or system. However, such findings, standing alone, do not raise a triable issue of fact as to serious injury. For a bulging disc or radiculopathy to constitute a serious injury, there must also be objective evidence of the extent or degree of the alleged limitation resulting from the injury and its duration (*see, Guzman v Michael Mgt.,* 266 AD2d 508; *Puma v Player,* 233 AD2d 308; *Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408). Here, the plaintiff's doctor submitted a report in which he found that the plaintiff suffered no restriction of motion in the lumbar or cervical spine.

With respect to the plaintiff's further claim that she suffered a 10-degree limitation of movement of her right shoulder, the plaintiff first complained of a shoulder injury almost three years after the accident. Her doctor failed to causally connect that injury to the subject accident, or to indicate the duration of the shoulder injury in his report (*see, Grossman v Wright,* 268 AD2d 79; *Evans v Mohammad,* 243 AD2d 604). Accordingly, the plaintiff failed to raise a triable issue of fact as to whether she sustained a significant limitation of use of a body function or system as defined by the Insurance Law.

The plaintiff's remaining contention is without merit. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.