■ UNIQUE PALMER, Appellant, v PHYLLIS PHILLIPS et al., Respondents. [717 NYS2d 915] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 22, 1999, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Thus, it was incumbent on the plaintiff to come forward with sufficient admissible evidence to raise a triable issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The plaintiff failed to do so, and thus the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see, Guzman v Michael Mgt.,* 266 AD2d 508; *Lisa v Pastor,* 262 AD2d 368; *Kauderer v Penta,* 261 AD2d 365; *Merisca v Alford,* 243 AD2d 613). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.

■ LUCY PELLEGRINO, Respondent, v ROMAZ PROPERTIES, LTD., et al., Appellants, et al., Defendants. [718 NYS2d 649] —In an action, *inter alia,* to recover damages for breach of contract, the defendants Romaz Properties, Ltd., Carmela M. Romeo a/k/a Carmela M. Holland, and Robert Romeo appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated February 28, 2000, which denied their motion to vacate their default in appearing and answering the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the appellants' motion to vacate their default in appearing or answering, given their failure to demonstrate excusable delay (*see, Martyn v Jones,* 166 AD2d 508). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.