■ DOREEN DULDULAO, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [725 NYS2d 380] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lonschien, J.), dated January 28, 2000, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and granted the separate motions of the defendants Catherine Stringer and Aabis Towing for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly suffered personal injuries when she attempted to drive her vehicle while it was attached to a tow truck owned by the respondent Aabis Towing (hereinafter Aabis). Aabis had been directed to tow the plaintiff's vehicle by the respondent Catherine Stringer, a City Marshal for the respondent City of New York (hereinafter the City), who was present when the incident occurred. The plaintiff commenced this action against, among others, the City, Stringer, and Aabis to recover damages for her alleged personal injuries suffered in the incident. In her verified bill of particulars, the plaintiff al-

leged that she suffered injuries to her neck and back, including herniated and bulging discs in her cervical spine.

The City moved, *inter alia*, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not responsible for Stringer's acts since she was an independent contractor, as well as on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Stringer and Aabis separately moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury.

The Supreme Court properly granted summary judgment to the respondents. "Although a bulging or herniated disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d), a plaintiff must provide objective evidence of the extent or degree of the alleged physical limitations resulting from the disc injury and its duration" (*Monette v Keller,* 281 AD2d 523, 524; *see, Pierre v Nanton,* 279 AD2d 621; *Guzman v Michael Mgt.,* 266 AD2d 508). Stringer's medical expert examined the plaintiff, and stated in his affirmed report that, *inter alia,* she had a full range of motion of her cervical spine and "a normal neck, back, upper and lower extremity examination," despite a magnetic resonance imaging report showing herniated discs at C5-6 and C6-7. This proof was sufficient to establish a prima facie case that the plaintiff did not sustain a serious injury in the incident (*see, Villalta v Schechter,* 273 AD2d 299, 300; *Sainte-Aime v Ho,* 274 AD2d 569; *Foley v Karvelis,* 276 AD2d 666).

The plaintiff failed to raise a triable issue of fact in opposition to the respondents' prima facie showing of entitlement to judgment as a matter of law. The affidavit of the plaintiff's treating chiropractor was prepared four years after he last examined her (*see, Guzman v Michael Mgt., supra; Schultz v Von Voight,* 216 AD2d 451, *affd* 86 NY2d 865; *Merisca v Alford,* 243 AD2d 613). Also, although the plaintiff's chiropractor stated that she was unable to move her neck through a normal range of motion without continuous pain, he neither explained the objective medical tests he performed to support his determination, nor specified the degree or extent of the alleged motion restriction (*see, Pierre v Nanton, supra; Sainte-Aime v Ho, supra; Villalta v Schechter, supra; Grossman v Wright,* 268 AD2d 79; *Delaney v Rafferty,* 241 AD2d 537; *Merisca v Alford, supra*).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Friedmann and Smith, JJ., concur.

Goldstein, J., dissents and votes to reverse the order insofar as appealed from, on the law, and to deny the motions for summary judgment, with the following memorandum. The respondents, in their motion papers for summary judgment, contended that it was "clear" from the "independent orthopedic examination" by Dr. Irwin Nelson that the plaintiff did not sustain a serious injury. In that report, Dr. Nelson noted that the plaintiff exhibited "mild kyphosis," and "subjective complaints regarding her neck, but no objective findings." Dr. Nelson also noted that a magnetic resonance imaging (hereinafter MRI) showed herniated discs at C5-6 and C6-7 levels, but discounted those findings solely on the ground that "[i]t is a well known fact that a herniated disc on an MRI is of no significance unless associated with clinical findings of which this patient has none." There is no indication in the record that the herniated discs were attributable to anything other than the accident (*cf., Kosto v Bonelli,* 255 AD2d 557).

Since the MRI results were included in the respondents' motion papers, they were properly before the Supreme Court (*see, Perry v Pagano,* 267 AD2d 290; *Raso v Statewide Auto Auction,* 262 AD2d 387). The MRI results constituted "objective manifestation of physical injury," satisfying the requirements of Insurance Law § 5102 (d), and provided "ample medical foundation" for the plaintiff's subjective complaints of pain (*Hawkey v Jefferson Motors,* 245 AD2d 785, 786; *see, Quinn v Licausi,* 263 AD2d 820; *cf., Shay v Jerkins,* 263 AD2d 475; *Risbrook v Coronamos Cab Corp.,* 244 AD2d 397). Dr. Nelson's report, which discounted the plaintiff's clinical symptoms on the ground that there were no objective findings, and discounted the objective findings on the ground that there were no clinical symptoms, was internally inconsistent. Such circular reasoning was insufficient to establish the respondents' entitlement to judgment as a matter of law.

Here, the plaintiff exhibited a visible objective impairment, to wit: "mild kyphosis." Consequently, Dr. Nelson's claims that his clinical findings were limited to subjective complaints or pain are disingenuous (*cf., Guzman v Michael Mgt.,* 266 AD2d 508). His conclusion that the plaintiff's neck and back were "normal" is refuted by his own findings.

Accordingly, the respondents failed to sustain their burden of demonstrating their entitlement to judgment as a matter of law (*see, Rulison v Zanella,* 119 AD2d 957).