■ SULAMIF VOLOZHINETS, Appellant, v WILLIAM T. DEHAVEN et al., Respondents. [729 NYS2d 510] —In an action, *inter alia*, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Cammer, J.), dated September 15, 2000, which granted the motion of the defendants William T. DeHaven and Stephanie M. Forsman, and the separate motion of the defendant Arthur Volozhinets, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motions are denied, and the complaint is reinstated.

In support of their motions for summary judgment, the defendants submitted the affirmed medical reports of their examining physicians stating that magnetic resonance imagings of the plaintiff's cervical and lumbar spines taken within two months of the accident showed, *inter alia*, disc herniations at the C5-C6, C6-C7, and L4-L5 levels, and specifying the degrees of limitation in the range of motion in the plaintiff's cervical and lumbar spines. A disc herniation may constitute a serious injury within the meaning of the Insurance Law (*see, Flanagan v Hoeg,* 212 AD2d 756, 757). The defendants failed to demonstrate through admissible evidence that the herniations were not related to the subject accident (*see, Chaplin v Taylor,* 273 AD2d 188; *Friedman v U-Haul Truck Rental,* 216 AD2d 266), or that they did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Mariaca-Olmos v Mizrhy,* 226 AD2d 437). Accordingly, the defendants

failed to make out a prima facie case for judgment as a matter of law. Under these circumstances, we need not consider whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see, Boland v Dig Am.,* 277 AD2d 337). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.