■ DENISE GRECO, Respondent, v JOHN JACKSON et al., Appellants. [731 NYS2d 481] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated November 8, 2000, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of this accident (*see, Duldulao v City of New York,* 284 AD2d 296; *Villalta v Schechter,* 273 AD2d 299, 300; *Nisnewitz v Renna,* 273 AD2d 210; *Guzman v Paul Michael Mgt.,* 266 AD2d 508; *Kosto v Bonelli,* 255 AD2d 557).

In opposition to the defendants' motion for summary judgment, the plaintiff submitted evidence in admissible form that an MRI of her cervical spine taken in December 1997 revealed a bulging disc and another MRI of her lumbar spine taken in February 2000 revealed bulging discs. Although a bulging disc may constitute a serious injury within the meaning of Insur-

ance Law § 5102 (d) (*see, Duldulao v City of New York, supra; Monette v Keller,* 281 AD2d 523), under the circumstances of this case, it would be sheer speculation to conclude that the motor vehicle accident which occurred on October 5, 1995, was the proximate cause of the plaintiff's bulging discs (*see, Ekundayo v GHI Auto Leasing Corp.,* 273 AD2d 346; *Waaland v Weiss,* 228 AD2d 435). Furthermore, the record does not contain any medical evidence indicating the treatment the plaintiff received for her alleged injuries during the nine-month period after the accident (*see, Guevara v Conrad,* 273 AD2d 198; *Smith v Askew,* 264 AD2d 834). Accordingly, the defendants' motion for summary judgment should have been granted. Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.