■ RUBEN ESPINAL et al., Respondents, v JAMES GALICIA et al., Appellants. [737 NYS2d 102] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Price, J.), dated May 30, 2001, which denied their motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"Although a bulging or herniated disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d), a plaintiff must provide objective evidence of the extent or degree of the alleged physical limitations resulting from the disc injury

and its duration" (*Monette v Keller,* 281 AD2d 523, 523-524; *see, Duldulao v City of New York,* 284 AD2d 296, 297). The defendants' medical expert examined the plaintiff Rosa Montero and stated in his affirmed report, inter alia, that "[c]ervical range of motion was complete and pain-free" and straight-leg raising was negative to 90 degrees, despite magnetic resonance imaging (hereinafter MRI) reports showing disc bulging at C6-C7 and a right paracentral herniated disc at L5-S1. This proof was sufficient to establish a prima facie case that Montero did not sustain a serious injury in the incident (*see, Duldulao v City of New York, supra*).

The defendants' medical expert also examined the plaintiff Ruben Espinal and stated in a corresponding affirmed report, inter alia, that "[c]ervical range of motion was complete and pain free," despite a MRI report showing a bulging disc at C5-C6. This proof was sufficient to establish a prima facie case that Espinal did not sustain a serious injury in the incident.

The plaintiffs failed to raise a triable issue of fact in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law. The plaintiffs' treating physician failed to specify the objective tests she performed in arriving at her conclusions concerning alleged restrictions in range of motion for each plaintiff (*see, Grossman v Wright,* 268 AD2d 79). Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.