■ Marilyn Malpica, Respondent, v Fred Lavergne, Appellant, et al., Defendant. [741 NYS2d 731] —In an action to recover damages for personal injuries, the defendant Fred Lavergne appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated May 31, 2001, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In support of his motion for summary judgment, the appellant submitted, inter alia, the affirmed report of his medical expert who examined the plaintiff and concluded that she had full range of motion with "no point tenderness" of the cervical spine, shoulders, and lumbosacral spine despite MRI reports which showed "central herniation at C6-C7" and "bulging and dural flattening at L5-S1." This evidence was sufficient to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see, Espinal v Galicia, 290 AD2d 528). The plaintiff failed to provide proof in admissible form of "objective evidence of the extent or degree of the alleged physical limitations resulting from the disc injury and its duration" sufficient to raise a triable issue of fact (Monette v Keller, 281 AD2d 523, 523-524). Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.