■ ANGELA M. CHINNICI, Respondent, v LOUIS E. BROWN, JR., Appellant. [744 NYS2d 186] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Skelos, J.), dated January 18, 2002, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The medical evidence submitted by the defendant in support of his motion for summary judgment made out a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The burden therefore shifted to the plaintiff to raise a triable issue of fact that she sustained a serious injury (*see Gaddy v Eyler,* 79 NY2d 955, 956-957).

Although the plaintiff submitted an affidavit from her radiologist indicating that she suffered herniations in her cervical

spine, such injuries do not alone constitute a serious injury. Rather, the plaintiff is required to provide objective evidence of the extent or degree of physical limitations resulting from such injuries and their duration (*see Espinal v Galicia,* 290 AD2d 528, 529; *Duldulao v City of New York,* 284 AD2d 296, 297; *Pierre v Nanton,* 279 AD2d 621; *Descovich v Blieka,* 279 AD2d 499, 500; *Sainte-Aime v Ho,* 274 AD2d 569, 570). While the plaintiff's treating orthopedist indicated that the plaintiff is suffering from a 10% to 15% limitation of motion in her cervical spine, he failed to set forth the objective basis for his conclusion (*see Sainte-Aime v Ho, supra; Jackson v New York City Tr. Auth.,* 273 AD2d 200, 201; *Greene v Miranda,* 272 AD2d 441, 442; *Grossman v Wright,* 268 AD2d 79, 84-85). Furthermore, his opinion that the injuries are permanent, which was based on an examination conducted almost two years before the date of his affidavit, had no probative value in the absence of a recent examination (*see McKinney v Lane,* 288 AD2d 274, 275; *Frier v Teague,* 288 AD2d 177, 178; *Letellier v Walker,* 222 AD2d 658, 659; *Yamin v Brougham Bus Transp.,* 220 AD2d 739, 740).

The plaintiff also failed to demonstrate that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see Ocasio v Henry,* 276 AD2d 611, 612; *Lalli v Tamasi,* 266 AD2d 266; *Letellier v Walker, supra*).

Accordingly, the defendant's motion for summary judgment should have been granted. Prudenti, P.J., O'Brien, McGinity and Crane, JJ., concur.