■ LEONARD A. NARDUCCI et al., Appellants, v SHARLENE MCRAE, Respondent. [748 NYS2d 764] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 30, 2001, which granted the defendant's motion for leave to renew her prior motion for summary judgment dismissing the complaint, and, upon renewal, granted the motion.

Ordered that the order is affirmed, with costs.

The injured plaintiff and his wife brought the instant action to recover damages, inter alia, for personal injuries the injured plaintiff allegedly sustained in a two-vehicle collision with the defendant. The injured plaintiff allegedly sustained personal injuries, among other things, to his cervical spine, lumbar spine, and right shoulder in the collision. The defendant moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury in the collision (see Insurance Law § 5102 [d]), submitting evidence, inter alia, that the injured plaintiff's injuries were not proximately caused by the subject accident. The Supreme Court denied the motion, finding that the plaintiffs raised a triable issue of fact as to whether the injured plaintiff's right shoulder injury was proximately caused by the subject collision. Thereafter, the defendant moved for leave to renew her summary judgment motion. In support thereof, she submitted, among other things, the plaintiff's pleadings and deposition testimony from a prior, unrelated action, wherein he alleged that he had suffered an injury to his right shoulder. The Supreme Court granted that branch of the motion which was for leave to renew and, upon renewal, granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was for leave to renew her prior motion for summary judgment (see CPLR 2221 [e]). In doing so, the Supreme Court also providently exercised its discretion in accepting the defendant's explanation of law office failure for her failure to submit certain evidence on her original motion for summary judgment (see Burgess v Brooklyn Jewish Hosp., 272 AD2d 285; CPLR 2005).

Moreover, upon renewal, the Supreme Court properly granted the defendant's motion for summary judgment. The defendant established a prima facie case that the plaintiff's alleged injuries either were not serious, as defined by Insurance Law § 5102 (d) (see Gaddy v Eyler, 79 NY2d 955), or were not

proximately caused by the subject collision (*see Williams v Hasenflue*, 272 AD2d 470; *Bocci v Turkowitz*, 255 AD2d 476). Additionally, the evidence submitted by the defendant upon renewal established that the opinion of the injured plaintiff's orthopedic surgeon, that the injury to the right shoulder was causally related to the subject accident, was speculative. Since the injured plaintiff alleged the existence of an injury to his right shoulder in a prior action, "and the plaintiff's expert failed to indicate an awareness of the condition of that [shoulder] just before the subject accident, his finding that the current restriction of motion in [his] right [shoulder] was causally related to [the subject] accident is mere speculation" (*Kallicharan v Sooknanan*, 282 AD2d 573, 574). Thus, after the defendant made out a prima facie case for summary judgment, the plaintiffs failed to raise a triable issue of fact as to whether the subject accident caused the right shoulder injury (*see Greco v Jackson*, 287 AD2d 539; *Finkelshteyn v Harris*, 280 AD2d 579; *Nikolopolous v Brown*, 270 AD2d 240).

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.