■ RAYMOND FAUK, Appellant, v MILDRED JENKINS et al., Respondents. [754 NYS2d 317] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated March 20, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

"Although a bulging or herniated disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d), a plaintiff must provide objective evidence of the extent or degree of the alleged physical limitations resulting from the disc injury and its duration" (*Duldulao v City of New York,* 284 AD2d 296, 297 [internal quotation marks omitted]; *see also Monette v*

*Keller,* 281 AD2d 523, 524). In this case, the defendants' medical expert, Dr. Lawrence Miller, a Board Certified orthopedic surgeon, examined the plaintiff and stated in his affirmed report that, inter alia, the plaintiff had full range of motion in the cervical spine, despite a magnetic resonance imaging (hereinafter MRI) report showing a bulging disc at the C4-C5 level. Furthermore, notwithstanding that the MRI of the plaintiff's right shoulder showed several tears, Dr. Miller found that the plaintiff could raise his arms above his head and behind his back. This proof was sufficient to establish a prima facie case that the plaintiff did not sustain a serious injury in the accident (*see Duldulao v City of New York, supra*).

However, the affidavit of Dr. Leo Batash, which the plaintiff submitted in opposition to the motion, raised a triable issue of fact (*see* CPLR 3212 [b]). That affidavit stated that the plaintiff suffered traumatically-induced bulging discs at the L2-L3, L3-L4, and L4-L5 regions of the lumbar spine and a herniated disc at the L5-S1 region, which were the cause of the plaintiff's pain and the reason the plaintiff had restricted motion of 25% to 30%. This conclusion was based, inter alia, on a review of an MRI report, which was also submitted. The plaintiff's evidence raised a triable issue of fact as to the existence of a serious injury, which is for the jury to determine (*see Puma v Player,* 233 AD2d 308). Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.