■ JOSE DIAZ, Respondent, v EVELYN T. TURNER, Appellant. [761 NYS2d 93] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 13, 2002, which

denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant's motion for summary judgment should have been granted. "Although a bulging or herniated disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d), a plaintiff must provide objective evidence of the extent or degree of the alleged physical limitations resulting from the disc injury and its duration" (*Monette v Keller,* 281 AD2d 523-524 [2001]; *see Duldulao v City of New York,* 284 AD2d 296, 297 [2001]). The defendant's medical expert, a board certified orthopedist, examined the plaintiff, and stated in his affirmed report, inter alia, that he had "normal complete range of motion of the cervical spine," despite a magnetic resonance imaging report showing disc herniation at C3-C4. This proof, taken together with the plaintiff's own testimonial admission that he missed only 28 days of work as a result of the accident, was sufficient to establish a prima facie case that the plaintiff did not sustain a serious injury (*see Duldulao v City of New York, supra*; *Letellier v Walker,* 222 AD2d 658 [1995]).

In opposition, no issue of fact was presented by the medical report prepared by Dr. Howard Avella. Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.