■ AMRIT SINGH et al., Respondents, v EILEEN VARANO et al., Appellants. [760 NYS2d 545] —In an action to recover damages for personal injuries, the defendants appeal (1), as limited

by their brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated September 25, 2002, as denied their motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and (2) from an order of the same court dated October 10, 2002, which, sua sponte, amended the prior order by indicating that it had reviewed certain medical evidence, which had been submitted in support of the motion but not cited by the court in the original order.

Ordered that on the court's own motion, the notice of appeal from the order dated October 10, 2002, is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). Magnetic resonance imagings of the plaintiffs' lumbosacral spines showed that each plaintiff had a herniated disc at the L5-S1 region. A disc herniation may constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Chaplin v Taylor,* 273 AD2d 188 [2000]). The defendants failed to demonstrate that the respective herniations were not causally related to the subject accident. Accordingly, the defendants failed to make a prima facie case for judgment as a matter of law. Under these circumstances, we need not consider whether the plaintiffs' papers were sufficient to raise a triable issue of fact (*see Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]). Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.