■■ HOMERO A. RUDAS et al., Respondents, et al., Plaintiff, v JAMES PETSCHAUER et al., Defendants, and MILAGROS LAZO, Appellant. [781 NYS2d 120]—

In an action to recover damages for personal injuries, the defendant Milagros Lazo appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated August 20, 2003, which denied her motion for summary dismissing the complaint insofar as asserted against her by the plaintiffs Homero A. Rudas and Jason Pinzon on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint insofar as asserted against the defendant Milagros Lazo by the plaintiffs Homero A. Rudas and Jason Pinzon is dismissed, and the action against the remaining defendants is severed.

The defendant Milagros Lazo made a prima facie showing that the plaintiffs Homero A. Rudas and Jason Pinzon did not sustain serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). Contrary to the arguments of Rudas and Pinzon, the mere existence of a bulging or herniated disc does not establish a serious injury in the absence of objective evidence of a related disability or restriction (*see Duldulao v City of New York,* 284 AD2d 296, 297 [2001]; *Foley v Karvelis,* 276 AD2d 666, 667 [2000]; *Guzman v Michael Mgt.,* 266 AD2d

508, 509 [1999]). Moreover, a plaintiff's subjective complaints of pain are insufficient to establish a serious injury (*see Scheer v Koubek*, 70 NY2d 678, 679 [1987]; *Barrett v Howland*, 202 AD2d 383, 384 [1994]; *LeBrun v Joyner*, 195 AD2d 502 [1993]).

In addition, Rudas and Pinzon failed to submit any competent medical evidence to show that they were unable to perform substantially all of their daily activities for not less than 90 of the first 180 days following the subject accident as a result of the accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200 [2000]; *Greene v Miranda*, 272 AD2d 441, 442 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *Bennett v Reed*, 263 AD2d 800, 801 [1999]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]).

Accordingly, the appellant was entitled to summary judgment dismissing the complaint insofar as asserted against her by Rudas and Pinzon. Santucci, J.P., H. Miller, Luciano, Crane and Spolzino, JJ., concur.