[789 NYS2d 277]

Mark Meely et al., Appellants, v 4 G's Truck Renting Co., Inc., et al., Respondents, et al., Defendants.

Second Department, January 31, 2005

### APPEARANCES OF COUNSEL

*Weiss & Rosenbloom, P.C.*, New York City (*Barry D. Weiss* of counsel), for appellants.

*Morris, Duffy, Alonso & Faley, LLP*, New York City (*Anna J. Ervolina* and *Andrea M. Alonso* of counsel), for respondents.

### OPINION OF THE COURT

CRANE, J.

The defendants 4 G's Truck Renting Co., Inc., and Samuel Clarke (hereinafter the respondents) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d). The issue presented is whether the respondents satisfied their prima facie burden on the motion. The respondents submitted the plaintiffs' unaffirmed magnetic resonance imaging (hereinafter MRI) reports which stated that the plaintiffs had bulging or herniated discs. They added the affirmed reports from their own medical experts which expressed disagreement with the plaintiffs' MRI reports and set forth the opinion that the plaintiffs had no limitations in their ranges of motion nor suffered from any other disabilities. We hold that this evidence was sufficient to establish the respondents' prima facie entitlement to judgment as a matter of law, and to the extent that *DeVeglio v Oliveri* (277 AD2d 345 [2000]) may be read to the contrary, it should no longer be followed.

This is an action to recover damages for personal injuries arising out of a multiple-vehicle accident occurring on December 16, 1999. The plaintiff Melvin Frasier was a passenger in a vehicle operated by the plaintiff Mark Meely. While stopped in traffic, their vehicle was struck in the rear by a vehicle owned and operated by the defendant Jin Yu Hua, which, in turn, had been struck in the rear by a vehicle owned and operated by the defendant Michael Benimowitz. The Benimowitz vehicle had been struck in the rear by a vehicle owned by the re-

spondent 4 G's Truck Renting Co., Inc., and operated by the respondent Samuel Clarke.

Meely and Frasier commenced this action on April 19, 2000. Meely alleged in his bill of particulars, inter alia, that as a result of the accident he sustained herniated discs at L4-5 and L5-S1, which indented the thecal sac, and bulging discs at L2-3 and L3-4. Frasier alleged in his bill of particulars, inter alia, that he sustained a herniated disc at C3-4, which indented the thecal sac, a bulging disc at C4-5, and herniated discs at C5-6 and C6-7.

The respondents moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither Meely nor Frasier sustained a serious injury within the meaning of Insurance Law § 5102 (d).

In support of their motion with respect to the plaintiff Mark Meely, the respondents submitted, inter alia, an affirmed report from neurologist Dr. Paul Slotwiner, the unaffirmed report of an MRI of Meely's lumbar spine, and an affirmed report of radiologist Dr. Arthur Fruauff whom the respondents hired to review the MRI of Meely's lumbar spine.

Dr. Slotwiner examined Meely on behalf of the respondents on March 21, 2002. He reported that he reviewed, among other things, the unaffirmed report of the MRI of Meely's lumbar spine which revealed the herniated and bulging discs. Dr. Slotwiner found that Meely suffered no limitation in his range of motion and no neurologic abnormalities or sequelae as a result of the accident of December 16, 1999.

The unaffirmed report of the MRI of Meely's lumbar spine dated April 4, 2000, stated that Meely had bulging discs at L2-3 and L3-4, a herniated disc at L4-5 indenting the thecal sac, and a central herniated disc at L5-S1 indenting the thecal sac.

Dr. Fruauff reviewed the MRI of Meely's lumbar spine. In his affirmed report dated April 17, 2002, Dr. Fruauff stated that he found no evidence of disc herniation and he concluded that Meely suffered from degenerative disc disease. He also opined that Meely suffered from diffusely bulging discs which were secondary to the degenerative disc disease. Dr. Fruauff stated that there were no findings on the MRI which were causally related to the motor vehicle accident.

In support of their motion with respect to the plaintiff Melvin Frasier, the respondents submitted, inter alia, an affirmed report from Dr. Slotwiner, the unaffirmed report of the MRI of

Frasier's cervical spine, and an affirmed report of Dr. Fruauff whom the respondents hired to review the MRI of Frasier's cervical spine.

Dr. Slotwiner examined Frasier on behalf of the respondents on March 21, 2002. He reported that he reviewed, among other things, the unaffirmed report of the MRI of Frasier's cervical spine which diagnosed the herniated and bulging discs. Dr. Slotwiner found no limitation in Frasier's range of motion. He concluded that there were no objective abnormalities on neurologic examination, and no objective findings indicating any neurologic sequelae of the motor vehicle accident.

The unaffirmed report of the MRI of Frasier's cervical spine dated April 4, 2000 stated that Frasier had a herniated disc at C3-4, indenting the thecal sac, a bulging disc at C4-5, and herniated discs at C5-6 and C6-7.

Dr. Fruauff reviewed the MRI of Frasier's cervical spine. In his affirmed report dated April 17, 2002, Dr. Fruauff stated that he found no evidence of disc herniation, and he concluded that Frasier suffered from degenerative disc disease of the cervical spine. Dr. Fruauff opined that there were no findings on the MRI which were causally related to the motor vehicle accident of December 16, 1999.

In opposition to the motion, the plaintiffs argued that the MRI reports submitted by the respondents which reported that they each suffered from herniated or bulging discs were sufficient to deprive the respondents of summary judgment because those reports established that each plaintiff sustained a serious injury. Relying on this Court's holding in *DeVeglio v Oliveri* (277 AD2d 345 [2000]), the plaintiffs further argued that the contradictory evidence offered by the respondents, consisting of Dr. Fruauff's interpretations of the MRIs which disagreed with the interpretations of the MRIs set forth in the unaffirmed reports of the plaintiffs' radiologist, raised an issue of fact requiring denial of the motion. The plaintiffs submitted no medical evidence in opposition to the motion.

The Supreme Court granted the motion for summary judgment dismissing the complaint insofar as asserted against the respondents. We affirm.

A defendant may submit unsworn medical reports and records of an injured plaintiff's physicians in support of a motion for summary judgment (*see Mantila v Luca,* 298 AD2d 505 [2002]; *Itkin v Devlin,* 286 AD2d 477 [2001]; *Pagano v Kings-*

*bury,* 182 AD2d 268, 271 [1992]). Furthermore, a defendant who submits admissible proof that a plaintiff has a full range of motion and that he or she suffers from no disabilities has established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), despite the existence of an MRI report which shows herniated or bulging discs (*see e.g. Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005] [decided herewith]; *Diaz v Turner,* 306 AD2d 241, 242 [2003]; *Figueroa v Westbury Trans,* 304 AD2d 614 [2003]; *Fauk v Jenkins,* 301 AD2d 564, 565 [2003]; *Bernabel v Perullo,* 300 AD2d 330, 331 [2002]; *Malpica v Lavergne,* 294 AD2d 340 [2002]; *Espinal v Galicia,* 290 AD2d 528 [2002]; *Duldulao v City of New York,* 284 AD2d 296, 297 [2001]; *see also Brown v Achy,* 9 AD3d 30, 31 [2004]). This holding naturally follows from the rule that the mere existence of a bulging or herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see e.g. Kearse v New York City Tr. Auth., supra; Diaz v Turner, supra; Monette v Keller,* 281 AD2d 523 [2001]; *Pierre v Nanton,* 279 AD2d 621 [2001]; *Guzman v Michael Mgt.,* 266 AD2d 508, 509 [1999]).

In the case at bar, the evidence submitted by the respondents was sufficient to establish that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d). The plaintiffs' unaffirmed reports of the MRIs which indicated that they each had bulging and herniated discs, could not alone raise a question of fact as to whether either plaintiff sustained a serious injury in the absence of objective evidence of the extent of alleged physical limitations resulting from the disc injury (*see Kearse v New York City Tr. Auth., supra; Bernabel v Perullo, supra*). The respondents' radiologist concluded in his affirmed reports that, contrary to the findings stated in the plaintiffs' unaffirmed reports, there was no evidence that either plaintiff suffered from disc bulges or herniations as a result of the accident. The affirmed reports of the respondents' examining neurologist found that the plaintiffs suffered no limitations in their ranges of motion and suffered no neurologic abnormalities or sequelae as a result of the motor vehicle accident. Taken together these affirmed reports established the absence of objective evidence of physical limitations resulting from the alleged disc injuries.

Thus, rather than constituting conflicting evidence, the respondents' evidence in fact was sufficient to satisfy their

burden of demonstrating their prima facie entitlement to judgment as a matter of law. This evidence proved, prima facie, that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), despite the existence of MRIs which show herniated or bulging discs (*see Kearse v New York City Tr. Auth., supra; Diaz v Turner, supra; Figueroa v Westbury Trans, supra; Fauk v Jenkins, supra; Bernabel v Perullo, supra; Malpica v Lavergne, supra; Espinal v Galicia, supra; Duldulao v City of New York, supra; see also Brown v Achy, supra*).

In *DeVeglio v Oliveri* (277 AD2d 345 [2000]), evidence was submitted that was substantially similar to what was submitted in the case at bar. The contrary result reached in *DeVeglio* does not comport with the case law of this Court. The *DeVeglio* decision implies that the mere existence of a herniated disc is sufficient to establish that the injured plaintiff may have sustained a serious injury (*cf. Kearse v New York City Tr. Auth., supra; Guzman v Michael Mgt., supra*). In the absence of objective corroboration that the herniation resulted in physical limitations, the mere existence of a herniated disc is insufficient to establish, prima facie, a serious physical injury (*see Diaz v Turner, supra; Monette v Keller, supra; Pierre v Nanton, supra; Guzman v Michael Mgt., supra*). Therefore, to the extent that *DeVeglio v Oliveri* (*supra*) may be read to the contrary, it should no longer be followed (*cf. Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

In the case at bar, the plaintiffs did not submit any medical evidence in opposition to the motion and, therefore, they failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the motion for summary judgment dismissing the complaint insofar as asserted against the respondents, and the order is affirmed insofar as appealed from, with costs.

S. MILLER, J.P., RITTER and RIVERA, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs.