[789 NYS2d 281]

Cheryl Kearse, Respondent, v New York City Transit Authority et al., Appellants.

Second Department, January 31, 2005

### APPEARANCES OF COUNSEL

*Wallace D. Gossett*, Brooklyn (*Anita Isola* of counsel), for appellants.

*Bruce S. Reznick, P.C.*, Brooklyn (*Thomas Torto* of counsel), for respondent.

### OPINION OF THE COURT

CRANE, J.

This case presents the familiar question of whether the defendants on a motion for summary judgment have satisfied their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Just what evidence satisfies this burden has proven elusive, resulting in clarification by the Court of Appeals in more than one case (*see e.g. Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]). We take the opportunity in this case to shed some light on but one aspect of this issue: the effect of the passing mention of magnetic resonance imaging (hereinafter MRI) reports by a defense medical expert in an affirmed report supporting the motion. In doing so, we resolve a conflict in the case law in our Court between the holdings of *Kowalek v Picariello* (306 AD2d 249 [2003]) and *Bernabel v Perullo* (300 AD2d 330 [2002]).

The plaintiff, Cheryl Kearse, allegedly was injured on March 23, 2000, while boarding the defendant New York City Transit Authority's bus operated by the defendant Glenda Walker. The plaintiff claims that the bus doors closed on the left side of her body and that she remained trapped between these doors for several minutes. She sought medical attention later that day, complaining of pain in her neck, left shoulder, lower back, left knee, and left arm. X rays were negative and the plaintiff was diagnosed with a "contusion."

Five days after the accident, the plaintiff consulted her private physician who referred her for physical therapy. According to the plaintiff, she underwent physical therapy three times per

week for approximately six to nine months thereafter. The plaintiff was also treated by a neurologist who ordered MRIs of the plaintiff's cervical and lumbar spines. The unaffirmed reports of the MRIs stated, insofar as relevant here, that the plaintiff had a central posterior disc herniation at C6-7, impinging on the ventral contour of the dural sac and the subarachnoid space, and a bulging disc at L4-5, impinging on the ventral aspect of the thecal sac.

The plaintiff commenced this action on June 30, 2000. She alleged in her bill of particulars and supplemental bill of particulars, inter alia, that she sustained injuries to her neck and lower back, including "cervical radiculopathy," "lumbar radiculopathy," "left C6 nerve root dysfunction," a central posterior C6-7 disc herniation with impingement, and a "diffuse bulging disc . . . at the L4-5 interspace."

The defendants moved for summary judgment, arguing that there existed no objective evidence to support the plaintiff's claim that she sustained a serious injury that was causally related to the accident. In support of their motion, the defendants submitted, among other things, the affirmed medical report of Dr. Joseph L. Paul, an orthopedist, who examined the plaintiff on their behalf on August 1, 2001. Dr. Paul performed specified tests and reported that the plaintiff had normal range of motion. He diagnosed the plaintiff as having sustained, inter alia, sprains of the cervical and lumbar spines which had resolved. Dr. Paul concluded that the plaintiff had no disability.

The defendants submitted the affirmed report of Dr. Naunihal S. Singh, a neurologist who also examined the plaintiff on their behalf on August 1, 2001. Dr. Singh opined that the plaintiff suffered no neurological disability.

The reports of both Dr. Paul and Dr. Singh listed the medical records that each reviewed in connection with their examinations of the plaintiff. The list included the unaffirmed reports of the MRIs of the plaintiff's cervical and lumbar spines although the reports themselves were withheld.[1] Neither doctor commented on the findings contained in the MRI reports.

---

1. A defendant may submit unsworn medical reports and records of the injured plaintiff's physicians in support of a motion for summary judgment in order to demonstrate the lack of a serious injury (*see Pagano v Kingsbury,* 182 AD2d 268, 271 [1992]; *see also Peschanker v Loporto,* 252 AD2d 485 [1998]). In so doing, however, the defendant opens the door for the plaintiff to rely upon these same unsworn or unaffirmed reports and records in opposition to the motion (*see Pech v Yael Taxi Corp.,* 303 AD2d 733 [2003]).

In opposition to the defendants' motion, the plaintiff submitted, inter alia, an affidavit from James S. Kaufman, her chiropractor, who first examined the plaintiff on March 11, 2002, almost two years after the accident. Dr. Kaufman detailed the tests and reports he reviewed, which included the unaffirmed reports of the MRIs of the plaintiff's cervical and lumbar spines, and set forth the result of each test or report. He also performed various range of motion tests. Dr. Kaufman diagnosed the plaintiff as suffering from, among other things, chronic lumbar disc "lesion" with radiculopathy and traumatic cervical disc herniation with radiculopathy. Dr. Kaufman opined that the plaintiff's injuries and sequelae were directly related to the accident of March 23, 2000.

The plaintiff also submitted the unaffirmed reports of the MRIs of her cervical and lumbar spines which revealed the C6-7 disc herniation and L4-5 disc bulge.

The Supreme Court denied the defendants' motion for summary judgment. We reverse.

The plaintiff contends that the Supreme Court correctly denied the defendants' motion because the defendants failed to satisfy their burden of establishing that she did not sustain a serious injury. She relies primarily on the fact that the defendants' examining physicians both noted that they reviewed the reports of the MRIs of her cervical and lumbar spines, yet neither addressed the findings contained in these reports, that is, the disc herniation and disc bulge. The plaintiff also relies on this Court's decision in *Kowalek v Picariello* (306 AD2d 249 [2003]), in which we held that the defendants did not meet their initial burden on a motion for summary judgment because their medical experts failed to address the MRI findings of a disc herniation and failed to demonstrate that the herniation was not causally related to the motor vehicle accident, even though these medical experts found that the plaintiff had a full range of motion.

---

In the case at bar, although the defendants' physicians referred to the unaffirmed MRI reports, the defendants did not submit them in support of their motion. Nevertheless, this Court has held that even a reference to the unsworn or unaffirmed reports in the moving papers is sufficient to permit the plaintiff to rely upon and submit these reports in opposition to the motion (*see Ayzen v Melendez,* 299 AD2d 381 [2002]). We note that, in support of this holding, this Court relied on cases where the defendants had not merely referred to the unsworn or unaffirmed reports but had actually submitted them on their motion for summary judgment (*see Perry v Pagano,* 267 AD2d 290 [1999]; *Raso v Statewide Auto Auction,* 262 AD2d 387 [1999]; *Pietrocola v Battibulli,* 238 AD2d 864, 866 n [1997]).

*Kowalek v Picariello (supra)* represents a departure from this Court's prior holdings and directly conflicts with *Bernabel v Perullo* (300 AD2d 330 [2002]), a case which is indistinguishable from *Kowalek v Picariello (supra)*. In both *Kowalek v Picariello (supra)* and *Bernabel v Perullo (supra)*, the defendants' medical experts presented evidence that the injured plaintiffs suffered no limitations in their ranges of motion. In both cases, the defendants' medical experts had reviewed reports of the MRIs that revealed either disc herniations or disc bulges. In neither case did the defendants' medical experts comment on the findings contained in the MRI reports. Nevertheless, we reached two different results. In *Kowalek v Picariello (supra)* we held that the failure to address the MRI findings was fatal to the defendants' motion despite the findings that the injured plaintiff suffered no limitation in her range of motion. In *Bernabel v Perullo (supra)* we held that the defendants sustained their prima facie burden through the affirmed medical reports showing that the injured plaintiff had a normal range of motion despite the MRI findings of a disc herniation.

The holding in *Bernabel v Perullo (supra)* represents a correct statement of the law. To the extent that *Kowalek v Picariello (supra)* and other cases from this Court (*see e.g. Singh v Varano,* 306 AD2d 340 [2003]; *West v Rivera,* 286 AD2d 327 [2001]; *Chaplin v Taylor,* 273 AD2d 188 [2000]) may be read to be contrary to the *Bernabel* holding, they should not be followed on this issue.[2] These cases imply that the mere existence of a disc bulge or herniation is sufficient to establish that the plaintiff may have sustained a serious injury. This is not a correct statement of the law because it eliminates the requirement that, to constitute a serious injury, a disc bulge or herniation must be accompanied by objective evidence of the extent of alleged physical limitations resulting from the disc injury (*see Diaz v Turner,* 306 AD2d 241, 242 [2003]; *Monette v Keller,* 281 AD2d 523 [2001]; *Pierre v Nanton,* 279 AD2d 621 [2001]; *Guzman v Michael Mgt.,* 266 AD2d 508, 509 [1999]).

A defendant who submits admissible proof that the plaintiff has a full range of motion, and that she or he suffers from no disabilities causally related to the motor vehicle accident, has established a prima facie case that the plaintiff did not sustain a

---

2. By contrast, our more recent case *Positko v Krawiec* (6 AD3d 517 [2004]) illustrates the correct treatment of an unaffirmed report of a plaintiff's treating physician that a defendant relies on to establish entitlement to judgment as a matter of law.

serious injury within the meaning of Insurance Law § 5102 (d), despite the existence of an MRI which shows herniated or bulging discs (*see e.g. Diaz v Turner, supra; Figueroa v Westbury Trans,* 304 AD2d 614 [2003]; *Fauk v Jenkins,* 301 AD2d 564, 565 [2003]; *Bernabel v Perullo, supra* at 331; *Malpica v Lavergne,* 294 AD2d 340 [2002]; *Espinal v Galicia,* 290 AD2d 528 [2002]; *Duldulao v City of New York,* 284 AD2d 296, 297 [2001]; *see also Brown v Achy,* 9 AD3d 30, 31 [2004]). This holding naturally follows from the rule that the mere existence of a bulging or herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see e.g. Diaz v Turner, supra; Davis v New York City Tr. Auth.,* 294 AD2d 531, 532 [2002]; *Espinal v Galicia, supra; Monette v Keller, supra; Pierre v Nanton, supra; Guzman v Michael Mgt., supra*). Thus, the failure of a defendant's medical expert to address the findings contained in MRI reports reviewed as part of his or her examination is academic in the face of that expert's finding of a full range of motion and a lack of disabilities causally related to the motor vehicle accident (*see Bernabel v Perullo, supra*).

The other cases relied upon by the plaintiff which reach a contrary result are distinguishable. In *Moiseau v Dumas-Williams* (291 AD2d 535 [2002]), the defendants' orthopedic medical expert acknowledged that the MRI reports concerning the injured plaintiff's cervical spine and lower back revealed disc herniations. The defendants' medical expert failed to state that the injured plaintiff suffered no limitation to the range of motion of his neck or lower back. Thus, summary judgment was denied because the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law (*id.; see also Sindoni v New York City Tr. Auth.,* 2 AD3d 624 [2003] [same]).

In *Klimis v Lopez* (290 AD2d 538 [2002]), the defendants' neurological medical expert acknowledged that an MRI of the injured plaintiff reported a disc herniation at L4-5, and that the injured plaintiff could only flex his lower back to approximately 50% of normal. Because of this reported limitation of motion, the defendants failed to establish as a matter of law that the injured plaintiff did not suffer a serious injury.

Similarly, in *Asta v Eivers* (280 AD2d 565, 566 [2001]), the defendants' examining neurologist referred in his report to an MRI of the injured plaintiff's cervical spine which showed the presence of a bulging disc. The neurologist also found that the

injured plaintiff's neck had a "decreased range of movements to extension" (*id.*). Accordingly, the defendants failed to demonstrate prima facie that the injured plaintiff's bulging disc did not constitute a serious injury (*id.; see also Tricarico v Vicale,* 5 AD3d 761 [2004]; *Jankowsky v Smith,* 294 AD2d 540 [2002]; *Volozhinets v DeHaven,* 286 AD2d 437 [2001]).

In support of their motion for summary judgment in *Derival v New York City Tr. Auth.* (289 AD2d 281 [2001]), the moving defendants relied, inter alia, upon the plaintiff's medical records and MRI reports which showed the existence of a bulging disc in the plaintiff's cervical spine. The defendants failed to submit any independent medical evidence to establish that the plaintiff did not suffer any physical limitations or restrictions as a result of the disc injury and, therefore, they were not entitled to summary judgment (*see Gray v Lasurdo,* 302 AD2d 560 [2003] [same]; *Hussein v Littman,* 287 AD2d 543 [2001] [same]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]; *Flanagan v Hoeg,* 212 AD2d 756, 757 [1995]; *see also Positko v Krawiec,* 6 AD3d 517 [2004], *supra* [defendants not entitled to summary judgment where they relied on the unsworn medical reports of the plaintiffs' treating physician stating that each plaintiff sustained, inter alia, a bulging disc or a disc herniation as a result of the accident, accompanied by a specified decrease in cervical and lumbar ranges of motion; these findings were supported by objective tests]).

In the case at bar, the defendants' medical experts opined that the plaintiff had full range of motion in her lower back, neck, and left shoulder. Both medical experts stated that the plaintiff had no disability. Accordingly, the defendants established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), despite MRIs indicating a herniated disc at C6-7 and a bulging disc at L4-5 (*see Diaz v Turner, supra; Figueroa v Westbury Trans, supra; Fauk v Jenkins, supra; Bernabel v Perullo, supra; Malpica v Lavergne, supra; Espinal v Galicia, supra; Duldulao v City of New York, supra*).

The plaintiff's evidence in opposition to the defendants' motion was insufficient to raise a triable issue of fact. The plaintiff's chiropractor, Dr. Kaufman, stated in his affidavit that he first examined the plaintiff almost two years after the accident, a mere one month after the defendants moved for summary judgment. His report indicates that the plaintiff underwent a physical therapy regimen "multiple times per week for several

months" immediately after the accident, that she saw a neurologist in April 2000, the month following the accident, and that she last saw her private physician in May 2001. Other than these generalized statements, Dr. Kaufman's affidavit does not provide any information concerning the nature of the plaintiff's medical treatment since the date of the accident or any explanation for the gap between the end of her physical therapy regimen and her visit to him in March 2002 (*see Pierre v Nanton, supra* at 622; *Jimenez v Kambli,* 272 AD2d 581, 582 [2000]; *Miller v Donohue,* 250 AD2d 825 [1998]; *Medina v Zalmen Reis & Assoc.,* 239 AD2d 394 [1997]).

Moreover, the plaintiff did not submit any competent medical evidence to support her claim that she was unable to perform substantially all of her daily activities for not less than 90 of the 180 days immediately following the accident as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200, 201 [2000]).

Accordingly, the defendants' motion for summary judgment should have been granted, and the order is reversed, with costs, and the complaint is dismissed.

H. MILLER, J.P., RITTER and SMITH, JJ., concur.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.