FINA PRIVITERA, Plaintiff, v STANLEY A. BROWN et al., Defendants. (Action No. 1.) GERALD L. KLEIN et al., Respondents, v STANLEY A. BROWN et al., Appellants, et al., Defendants. (Action No. 2.) [814 NYS2d 683]—

In two related actions, inter alia, to recover damages for personal injuries, etc., which were joined for trial, the defendants Stanley A. Brown and Darrell R. Scott appeal, as limited by their brief, from so much of two orders of the Supreme Court, Kings County (Hinds-Radix, J.), both dated February 2, 2005, one entered in each action, as denied that branch of their motion which was for summary judgment dismissing the complaint in action No. 2 insofar as asserted against them on the ground that the plaintiff Gerald L. Klein did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The defendants Stanley A. Brown and Darrell R. Scott made a prima facie showing that Gerald L. Klein, a plaintiff in action No. 2 (hereinafter the injured plaintiff), did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject multi-vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). However, the affirmation of the injured plaintiff's physician, who, on the basis of recent range of motion testing as well as range of motion testing done shortly after the subject accident, determined that the injured plaintiff had sustained restrictions in range of motion, was sufficient to raise a triable issue of fact (*see Williams v New York City Tr. Auth.*, 12 AD3d 365 [2004]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.