(May 8, 2007)

■ LAWRENCE ABBADESSA, Appellant, v WILLIE ROGERS, Respondent, et al., Defendants. [836 NYS2d 633]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated February 22, 2006, which granted the motion of the defendant Willie Rogers for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Willie Rogers for summary judgment dismissing the complaint insofar as asserted against him is denied.

In support of his motion for summary judgment, the defendant Willie Rogers (hereinafter the defendant) submitted the affirmed medical report of an orthopedist who noted that a magnetic resonance imaging (hereinafter MRI) of the plaintiff's cervical spine showed a disc herniation at C5-C6 and narrowing of the right neural foramina secondary to herniated disc material, and an MRI of his lumbar spine showed a herniated nucleus pulposus at L5-S1. He concluded that the MRI reading of disc herniations and protrusions was "overread" on the ground that his clinical observation did not reflect multiple-level disc disease. No mention was made of degenerative disc disease. The orthopedist also diagnosed limitations of range of motion in the lumbar spine.

The defendant's radiologist reviewed the MRI films, and concurred that there were in fact disc herniations and protrusions. With respect to the lumbar spine, he stated that "[i]n my opinion, the described multilevel disc pathology is most likely degenerative in original and unrelated to the accident."

The defendant's proof was insufficient to establish his entitlement to judgment as a matter of law (see Short v Meza, 17 AD3d 664 [2005]; Meely v 4 G's Truck Renting Co., Inc., 16 AD3d 26 [2005]). Accordingly, the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him should have been denied. Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.