■ TIMOTHY DILLON, Appellant, v JACQUELINE THOMAS et al., Respondents. [697 NYS2d 336] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated November 17, 1998, as granted the separate motions of the defendant Jacqueline Thomas and the defendants Enterprise Rent-A-Car and Elrac, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motions are denied, and the complaint is reinstated.

In support of their motions for summary judgment, the defendants submitted, *inter alia*, a report prepared by the plaintiff's radiologist which stated that a magnetic resonance image taken of the plaintiff's lumbar spine four days after the accident revealed "[d]esiccation * * * at the L5-S1 level" and "[b]ulging to the L5-S1 intervertebral disc". They further submitted the medical reports of the plaintiff's own treating

orthopedist which specified the degree of limitation in the range of motion of the plaintiff's lumbar and cervical spines and asserted that these injuries are "causally related" to the subject accident and are permanent. Accordingly, the defendants' respective motion papers failed to establish a prima facie case that the plaintiff's injuries were not serious within the meaning of Insurance Law § 5102 (d) (*see, Moreno v Delcid,* 262 AD2d 464; *Faruque v Ponce,* 259 AD2d 464; *Rosmarin v Lamontanaro,* 238 AD2d 567; *Thomas v Joyner,* 237 AD2d 347). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.