■ JEAN-VILAIRE HYACINTHE, Appellant, v U-HAUL Co. et al., Respondents. [718 NYS2d 363] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated February 7, 2000, as granted the separate cross motions of the defendant U-Haul Co., the defendant Demosthenes Smith, and the defendants Pedro Castillo and Candido Morales, respectively, for summary judgment dismissing the complaint insofar as asserted against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the cross motions are denied, and the complaint is reinstated.

The Supreme Court should have denied the cross motions for summary judgment dismissing the complaint. A magnetic resonance image of the plaintiff's cervical spine and lower back showed bulging discs at L5-S1, C4, C4-5, and C5-6. A bulging

disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Chaplin v Taylor,* 273 AD2d 188; *Flanagan v Hoeg,* 212 AD2d 756, 757). The defendants failed to demonstrate that the bulging discs were not causally related to the subject accident. Accordingly, the defendants failed to establish a prima facie case for judgment as a matter of law. Under these circumstances, it is not necessary to consider whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see, Mariaca-Olmos v Mizrhy,* 226 AD2d 437). Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.