■ MARYANN ASTA et al., Appellants, v PATRICK J. EIVERS et al., Respondents. [720 NYS2d 563] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated April 25, 2000, as granted that branch of the motion of defendant Patrick Eivers which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff Maryann Asta did not sustain a serious injury within the meaning

of Insurance Law § 5102 (d), and granted the separate motion of the defendant Brian Games for summary judgment dismissing the complaint insofar as asserted against him on the same ground.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion of the defendant Patrick Eivers which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff Maryann Asta did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied, the motion of the defendant Brian Games is denied, and the complaint is reinstated.

In support of their respective motions for summary judgment, the defendants submitted, *inter alia*, the affirmed medical report of an independent examining neurologist which referred to a magnetic resonance imaging report of the plaintiff Maryann Asta's cervical spine dated eight months after the accident. The medical report revealed, *inter alia*, diffuse disc bulging in the cervical spine. The neurologist further found that the injured plaintiff's neck had "decreased range of movements to extension." A bulging disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Langford v Jewett Transp. Serv.,* 271 AD2d 412). The defendants failed to demonstrate that the bulging discs were not causally related to the subject accident (*see, Chaplin v Taylor,* 273 AD2d 188). Accordingly, the defendants failed to establish a prima facie case for judgment as a matter of law (*see, Langford v Jewett Transp. Serv., supra; Faruque v Ponce,* 259 AD2d 464; *Rosmarin v Lamontanaro,* 238 AD2d 567; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.