■ PATRICIA WOODS-SMITH, Plaintiff, and TAMMIE MCLAUGHLIN, Appellant, v JOHN P. TIGHE et al., Respondents. [736 NYS2d 911] —In an action to recover damages for personal injuries, the plaintiff Tammie McLaughlin appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered August 3, 2001, as granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted by her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motions are denied, and the complaint is reinstated insofar as asserted on behalf of the appellant.

In support of their respective motions for summary judgment dismissing the complaint insofar as asserted by the plaintiff Tammie McLaughlin, the defendants submitted evidence that a magnetic resonance imaging report of McLaughlin's lumbar spine revealed a herniated disc at L5-S1. The defendants did not demonstrate that this injury was not causally related to the subject accident, or that it was not serious within the meaning of Insurance Law § 5102 (d). Accordingly, the defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law (*see, Hussein v Littman,* 287 AD2d 543; *Papadonikolakis v First Fid. Leasing Group,* 283 AD2d 470; *Chaplin v Taylor,* 273 AD2d 188; *Langford v Jewett Transp. Serv.,* 271 AD2d 412; *Meyer v Gallardo,* 260 AD2d 556). Since the defendants failed to establish entitlement to judgment as a matter of law, the sufficiency of the papers in opposition need not be considered (*see, Chaplin v Taylor, supra; Mariaca-Olmos v Mizrhy,* 226 AD2d 437). Santucci, J.P., Goldstein, Luciano, Schmidt and Crane, JJ., concur.