■ GERARD SHIN, Appellant, v JOSE TORRES, Respondent. [744 NYS2d 343] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Palmieri, J.), dated February 20, 2001, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) a judgment of the same court, dated March 27, 2001, which dismissed the complaint. The notice of appeal from the order is also deemed to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant failed to establish, prima facie, his entitlement to judgment as a matter of law dismissing the complaint (*see Hussein v Littman,* 287 AD2d 543; *Volozhinets v DeHaven,* 286 AD2d 437; *Papadonikolakis v First Fed. Leasing Group,* 283 AD2d 470; *Chaplin v Taylor,* 273 AD2d 188). The defendant did not demonstrate that this injury was not causally related to the subject accident, or that it was not serious within the meaning of Insurance Law § 5102 (d). Altman, J.P., Feuerstein, Friedmann, Schmidt and Townes, JJ., concur.