■ DENISE GRAY, Appellant, v JAMES J. LASURDO, Respondent. [755 NYS2d 627] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated October 10, 2001, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

In support of his motion for summary judgment dismissing the complaint, the defendant relied upon a magnetic resonance imaging report of the plaintiff's cervical spine which showed bulging discs at all but two levels. A bulging disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Hussein v Littman,* 287 AD2d 543 [2001]; *Hyacinthe v U-Haul Co.,* 278 AD2d 369 [2000]). The defendant failed to demonstrate that the multiple bulging discs were not causally related to the subject accident or that they did not cause the permanent consequential limitation of motion in the use of a body organ or member as claimed by the plaintiff. Accordingly, the defendant failed to meet his burden of establishing his entitlement to judgment as a matter of law (*see Woods-Smith v Tighe,* 291 AD2d 399 [2002]; *Derival v New York City Tr. Auth.,* 289 AD2d 281 [2001]; *Hussein v Littman, supra*; *Chaplin v Taylor,* 273 AD2d 188 [2000]). Under these circumstances, it is not necessary to consider whether the plaintiff's papers in opposition were sufficient to raise a triable issue of fact (*see Chaplin v Taylor, supra*; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438 [1996]). Prudenti, P.J., S. Miller, McGinity and Crane, JJ., concur.