In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), entered November 18, 2002, which granted the defendant’s motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.
In support of the motion for summary judgment dismissing the complaint, the defendant submitted, inter alia, magnetic resonance imaging (hereinafter MRI) test reports of the plaintiff’s lumbar and cervical spine, which revealed a disc herniation at L5-S1 and a disc bulge at C7-T1, respectively, and the affirmed reports of the defendant’s radiologist and examining orthopedist and neurologist. The defendant’s radiologist indicated in his report, inter alia, that he reviewed the MRIs of the plaintiffs lumbar and cervical spine, and that such tests revealed a disc bulge at “C7-1” and a disc herniation at L5-S1. Both of the defendant’s examining physicians also indicated that their review of the plaintiffs medical records revealed the finding of a disc herniation at L5-S1 and a disc bulge at C7-T1. Further, both examining physicians concluded that the plaintiff did not suffer from any limitation of range of motion, and did not sustain a serious injury.
The defendant failed to make a prima facie showing that the *355 plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Both of the defendant’s examining physicians failed to demonstrate that the disc bulge and herniation were not causally related to the accident, or that the injuries were not serious within the meaning of Insurance Law § 5102 (d) (see Gray v Lasurdo, 302 AD2d 560 [2003]; Woods-Smith v Tighe, 291 AD2d 399 [2002]; Papadonikolakis v First Fid. Leasing Group, 283 AD2d 470 [2001]). Further, both examining physicians failed to set forth the objective tests they performed to support their findings that the plaintiff had no limitation of range of motion (see Black v Robinson, 305 AD2d 438 [2003]; Junco v Ranzi, 288 AD2d 440 [2001]).
Therefore, since the defendant failed to establish her entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff’s opposition papers (see Black v Robinson, supra; Junco v Ranzi, supra). Santucci, J.P., Goldstein, Schmidt and Cozier, JJ., concur.