In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Joseph, J.), entered July 22, 2002, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiffs Doris Montano and Maria M. Lopez did not sustain serious injuries within the meaning of Insurance Law § 5102 (d), and (2) so much of an order of the same court dated November 26, 2002, as denied that branch of their motion which was for leave to renew the prior motion for summary judgment.
*416 Ordered that the order entered July 22, 2002, is reversed, on the law, the motion for summary judgment is denied, and the complaint is reinstated, and it is further,
Ordered that the appeal from so much of the order dated November 27, 2002, as denied that branch of the motion which was for leave to renew is dismissed as academic; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
In support of his motion for summary judgment, the defendant failed to demonstrate that the injuries of the plaintiffs Doris Montano and Maria M. Lopez were not causally related to the accident, or that they were not serious within the meaning of Insurance Law § 5102 (d) (see Shin v Torres, 295 AD2d 495 [2002]; see also Franca v Parisi, 298 AD2d 554 [2002]; Junco v Ranzi, 288 AD2d 440 [2001]; Papadonikolakis v First Fid. Leasing Group, 283 AD2d 470 [2001]). Accordingly, the defendant failed to establish a prima facie case for entitlement to judgment as a matter of law. Under these circumstances, we need not consider whether the plaintiffs’ papers were sufficient to raise a triable issue of fact (see Mariaca-Olmos v Mizrhy, 226 AD2d 437 [1996]). Ritter, J.E, McGinity, Townes and Cozier, JJ., concur.