In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Phelan, J.), dated July 18, 2002, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff Pauline Mullings did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and (2), as limited by their brief, from so much of an order of the same court dated October 17, 2002, as, upon renewal and reargument, adhered to its original determination.
Ordered that the appeal from the order dated July 18, 2002, is dismissed, as that order was superseded by the order dated October 17, 2002, made upon renewal and reargument; and it is further,
Ordered that the order dated October 17, 2002, is reversed insofar as appealed from, upon renewal and reargument, the motion for summary judgment is denied, and the order dated July 18, 2002, is vacated; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The defendants’ motion for summary judgment should be *418 denied. The medical proof submitted by the defendants in support of their motion was insufficient to demonstrate prima facie that the plaintiffs injuries were not causally related to the accident, or that they were not serious , within the meaning of Insurance Law § 5102 (d) (see Shin v Torres, 295 AD2d 495 [2002]; Franca v Parisi, 298 AD2d 554 [2002]; Junco v Ranzi, 288 AD2d 440 [2001]; Papadonikolakis v First Fid. Leasing Group, 283 AD2d 470 [2001]). Accordingly, the defendants failed to establish a prima facie case for judgment as a matter of law. Under these circumstances, we need not consider whether the plaintiffs papers were sufficient to raise a triable issue of fact (see Mariaca-Olmos v Mizrhy, 226 AD2d 437 [1996]). Ritter, J.P., Mc-Ginity, Townes and Cozier, JJ., concur.