■ Gwendolyn Bent, Appellant, v Gopaul Mangroo et al., Respondents. [768 NYS2d 640]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated December 6, 2002, as granted those branches of the separate motions of the defendants Gopaul Mangroo and Norman Matthews which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that her decedent, Granville Bent, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motions which were for summary judgment are denied, and the complaint is reinstated.

In support of those branches of their motions which were for summary judgment, the defendants submitted evidence that magnetic resonance images of the decedent's back performed about two months after the accident showed generalized disc bulging at L2-3. The defendants failed to demonstrate that the

decedent's injuries were not serious within the meaning of Insurance Law § 5102 (d) (*see Franca v Parisi,* 298 AD2d 554 [2002]; *Shin v Torres,* 295 AD2d 495 [2002]). Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, we need not consider the sufficiency of the papers in opposition (*see Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]). Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.