■ MARIE A. TAYLOR, Appellant, v DALLAS ELLIS, Respondent. [772 NYS2d 570]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Milano, J.), dated February 10, 2003, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of

Insurance Law § 5102 (d). Both of the defendant's examining physicians failed to demonstrate that the disc bulges and herniations were not causally related to the accident, or that the injuries were not serious within the meaning of Insurance Law § 5102 (d) (*see Gray v Lasurdo,* 302 AD2d 560 [2003]; *Woods-Smith v Tighe,* 291 AD2d 399 [2002]; *Papadonikolakis v First Fid. Leasing Group,* 283 AD2d 470 [2001]). Further, both examining physicians failed to set forth the objective tests they performed to support their findings that the plaintiff had no limitation of range of motion (*see Black v Robinson,* 305 AD2d 438 [2003]; *Junco v Ranzi,* 288 AD2d 440 [2001]).

Therefore, since the defendant failed to establish his entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (*see Black v Robinson, supra; Junco v Ranzi, supra*). Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.