SERHIY POSITKO et al., Appellants, v RACHAEL KRAWIEC et al., Respondents. [774 NYS2d 395]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated December 30, 2002, which granted the motion of the defendants Rachael Krawiec and Citiwide Auto Leasing, Inc., and the separate motion of the defendant Serhiy Shurigan for summary judgment dismissing the complaint insofar as asserted against them on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, the motions are denied, and the complaint is reinstated.

The defendants failed to establish their prima facie entitlement to judgment as a matter of law by demonstrating that

none of the plaintiffs sustained a serious injury as a result of the subject automobile accident (*see* Insurance Law § 5102 [d]). In support of their motions, the defendants relied on the unsworn medical reports of the plaintiffs' treating physician (*see Mantila v Luca,* 298 AD2d 505 [2002]; *Correa v Salke,* 294 AD2d 461 [2002]; *Taccetta v Scotto,* 287 AD2d 707 [2001]; *Dillon v Thomas,* 266 AD2d 183 [1999]). Those reports stated that each plaintiff sustained, inter alia, a bulging disc or a disc herniation as a result of the accident, accompanied by a specified decrease in cervical and lumbar ranges of motion. Those findings were supported by objective tests, including magnetic resonance imaging reports, as to each plaintiff (*see Espinal v Galicia,* 290 AD2d 528 [2002]; *Asta v Eivers,* 280 AD2d 565 [2001]; *Hyacinthe v U-Haul Co.,* 278 AD2d 369 [2000]; *Boland v Dig Am.,* 277 AD2d 337 [2000]; *Waziri v Small,* 276 AD2d 480 [2000]; *Grossman v Wright,* 268 AD2d 79 [2000]). Accordingly, the defendants did not meet their burden of establishing, as a matter of law, that none of the plaintiffs' injuries were not serious (*see Trantel v Rothenberg,* 286 AD2d 325 [2001]; *Skinner v St. Juste,* 243 AD2d 554 [1997]; *Flanagan v Hoeg,* 212 AD2d 756 [1995]) or that the injuries were not causally related to the accident (*see Shin v Torres,* 295 AD2d 495 [2002]). As the defendants failed to establish their entitlement to judgment as a matter of law, the sufficiency of the plaintiffs' opposition papers need not be considered (*see Onder v Kaminski,* 303 AD2d 665 [2003]; *Trantel v Rothenberg, supra*). Goldstein, J.P., H. Miller, Adams and Cozier, JJ., concur.