■ ARLETTE BALRAM et al., Respondents, v CJ TRANSPORTATION, LLC, et al., Defendants, and MARTIN-BROWER COMPANY, LLC, et al., Appellants. [6 NYS3d 606]—

In an action to recover damages for personal injuries, the defendants Martin-Brower Company, LLC, and Eugene Willett appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated April 22, 2013, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants failed to meet their prima facie burden of demonstrating that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In support of their cross motion, the appellants relied on the unsworn medical reports of the plaintiffs' treating physicians (*see Mantila v Luca*, 298 AD2d 505 [2002]). Those reports stated that each plaintiff sustained, inter alia, a bulging disc or a disc herniation as a result of the accident, accompanied by a specified decrease in cervical and lumbar ranges of motion. Those findings were supported by objective tests, including magnetic resonance imaging reports as to each plaintiff (*see Positko v Krawiec*, 6 AD3d 517, 518 [2004]). These submissions failed to eliminate all triable issues of fact as to whether the plaintiffs sustained serious injuries as a result of the subject accident (*see Positko v Krawiec*, 6 AD3d at 518; *Skinner v St. Juste*, 243 AD2d 554 [1997]). Since the appellants failed to establish their prima facie entitlement to judgment as a matter of law, the sufficiency of the plaintiffs' opposition papers need not be considered (*see Onder v Kaminski*, 303 AD2d 665 [2003]).

Accordingly, the Supreme Court correctly denied the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.