■ DOMINICK SALVEMINI, Appellant, v TWINCO SUPPLY CORP. et al., Respondents. [32 NYS3d 510]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated March 30, 2015, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

In support of their motion for summary judgment dismissing the complaint, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted, inter alia, the affirmed report of Edward A. Toriello, an orthopedic surgeon, who reviewed the plaintiff's medical records and performed a physical examination of the plaintiff at the request of the defendants. Upon examining the plaintiff, Toriello found that the plaintiff had significant limitations in the range of motion in

the cervical and lumbar regions of his spine. Toriello's conclusion that the limitations were self-imposed was not adequately explained or substantiated with objective medical evidence (*see Mercado v Mendoza*, 133 AD3d 833, 834 [2015]; *Uvaydov v Peart*, 99 AD3d 891 [2012]; *India v O'Connor*, 97 AD3d 796, 796 [2012]; *see also Rivera v Losee*, 138 AD3d 713 [2016]). Moreover, the defendants also submitted a medical report of one of the plaintiff's own treating physicians who opined that the plaintiff's limitations in the range of motion in the cervical and lumbar regions of his spine were causally related to the subject motor vehicle accident (*see Balram v CJ Transp., LLC*, 127 AD3d 796, 797 [2015]; *Positko v Krawiec*, 6 AD3d 517, 518 [2004]).

In light of our determination, we need not address the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.