■ JOYCE DUNCAN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [710 NYS2d 255] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated October 28, 1998, which denied its motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The medical evidence submitted by the defendant in support of its motion for summary judgment made out a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

In opposition to the motion, the plaintiff submitted, *inter alia*, an affidavit of her chiropractor that failed to explain how a limitation of the plaintiff's range of motion, which was described as resolved in September 1994, a few months after the accident, was found to exist nearly four years later, in June 1998. Moreover, while the chiropractor's findings in the most recent examination noted a limitation of *cervical* range of motion, he concluded that the plaintiff had suffered a 10% limitation of *spinal* range of motion. There is no indication in the report or the affidavit that any tests for spinal range of motion were performed, or of the extent of any specific limitations (*see, Kauderer v Penta,* 261 AD2d 365; *Oswald v Ospina,* 187 AD2d 570, 571; *Grossman v Wright,* 268 AD2d 79). The objective findings regarding the plaintiff's cervical range of motion showed separate limitations of 2%, 4%, and 2%. It is well settled that a minor limitation of movement is not significant within the meaning of the statute (*see, Licari v Elliott,* 57 NY2d 230; *Waldman v Dong Kook Chang,* 175 AD2d 204).

Accordingly, the plaintiff failed to raise a triable issue of fact as to a limitation of the range of motion. In addition, the record is devoid of any evidence that the plaintiff had been unable to perform certain of her usual and customary activities (*see, Covington v Cinnirella,* 146 AD2d 565). O'Brien, J. P., Altman, McGinity and Smith, JJ., concur.