■ Douglas P. Monette, Respondent, v Karen M. Keller, Defendant, and Donald E. Fairhead, Appellant. [721 NYS2d 839] —In an action to recover damages for personal injuries, the defendant Donald E. Fairhead appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), entered August 14, 2000, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The defendant Donald E. Fairhead established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. In opposition, the plaintiff failed to raise a triable issue of fact. Although a bulging or herniated disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d), a plaintiff must provide objective evidence of the extent or

degree of the alleged physical limitations resulting from the disc injury and its duration (*see, Sainte-Aime v Ho,* 274 AD2d 569; *Guzman v Michael Mgt.,* 266 AD2d 508, 509).

In this case, although a disc bulge was initially diagnosed in September 1995, about a week after the car accident at issue, there is no evidence that the disc bulge still existed at the time of the motion. In addition, although MRI reports by the experts for both sides indicated that the bulge was degenerative or congenital in nature, the plaintiff's chiropractor failed to explain these findings (*see, Watt v Eastern Investigative Bur.,* 273 AD2d 226, 227).

The finding by the plaintiff's chiropractor of a 2% loss of cervical rotation did not demonstrate a significant limitation of use of a body function or system (*see, Gaddy v Eyler,* 79 NY2d 955, 957; *Licari v Elliott,* 57 NY2d 230, 236; *Duncan v New York City Tr. Auth.,* 273 AD2d 437; *Grossman v Wright, supra,* at 83). Similarly, there was insufficient evidence of a permanent loss of use of a body function or system (*see, Ottavio v Moore,* 141 AD2d 806; *Bassett v Romano,* 126 AD2d 693; *Miller v Miller,* 100 AD2d 577, *revd on other grounds* 68 NY2d 871).

The evidence presented by the plaintiff also failed to raise a triable issue of fact as to whether he was prevented from performing substantially all of his customary and usual activities for not less than 90 days during the 180 days immediately following the accident. During his examination before trial, the plaintiff stated that he was terminated from his employment about 1½ months after the accident at issue because of the time he lost from work, and that he did not obtain another job for almost a year after his accident. The plaintiff did not identify any other daily activity that he was unable to undertake as a result of his injuries during the period before or after he was discharged (*see, Watt v Eastern Investigative Bur., supra; Borrman v Bogold,* 229 AD2d 949). Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.