■ TRACY A. FRANCIS et al., Appellants, v ROBERT J. CHRISTOPHER II et al., Respondents. [754 NYS2d 578] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), dated September 4, 2001, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contention, the defendants sustained their prima facie burden of proving that neither of the appellants sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see Gaddy v Eyler, 79 NY2d 955). The evidence presented by the appellants failed to raise a triable issue of fact.

Although a bulging or herniated disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Flanagan v Hoeg, 212 AD2d 756), a plaintiff must provide objective evidence of the extent or degree of the alleged physical limitations resulting from the disc injury and its duration (see Toure v Avis Rent A Car Sys., supra; Monette v Keller, 281 AD2d 523). Although the appellants provided objective evidence indicating the degrees of their respective physical limitations, they offered no evidence regarding the nature of their short-term treatments immediately after the 1998 accident, or any explanation for the significant gap between those treatments and their subsequent visits to the chiropractor and osteopathic doctor in 2001 (see Villalta v Schechter, 273 AD2d 299, 300; Dimenshteyn v Caruso, 262 AD2d 348). Furthermore, although the defendants' independent radiologist described the disc herniations and bulges found in both of the appellants as relating to degenerative changes, the appellants' experts failed to explain the significance of these findings (see Monette v Keller, supra at 524; Watt v Eastern Investigative Bur., 273 AD2d 226, 227).

Finally, the appellants failed to raise a triable issue of fact as to whether their injuries prevented them from performing substantially all of their customary and usual activities during at least 90 of the first 180 days following the accident (see Monette v Keller, supra at 524; Watt v Eastern Investigative Bur., supra at 228; Lalli v Tamasi, 266 AD2d 266).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.