■ BARBARA LAGOIS, Appellant, v PUBLIC ADMINISTRATOR OF SUFFOLK COUNTY et al., Respondents. [760 NYS2d 52] —In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), entered December 21, 2001, as granted that branch of the defendants' motion which was for summary judgment dismissing the portion of the complaint which sought to recover damages for personal injuries on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants sustained their prima facie burden of proving that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

Although a herniated or bulging disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Monette v Keller,* 281 AD2d 523 [2001]; *Flanagan v Hoeg,* 212 AD2d 756 [1995]), in this case, the plaintiff had a history of cervical disc herniation, and the magnetic resonance imaging report submitted in evidence indicated certain degenerative changes in the plaintiff's cervical spine. In the absence of an explanation by the plaintiff's expert as to the significance of the preexisting conditions and degenerative findings (*see Monette v Keller, supra*), it would be sheer speculation to conclude that the accident of December 28, 1997, was the cause of the plaintiff's injuries (*see Dimenshteyn v Caruso,* 262 AD2d 348 [1999]; *Waaland v Weiss,* 228 AD2d 435 [1996]). Furthermore, the affidavit of the plaintiff's treating chiropractor consisted in large part of conclusory assertions tailored to meet statutory requirements (*see Watt v Eastern Investigative Bur.,* 273 AD2d 226 [2000]; *Medina v Zalmen Reis & Assoc.,* 239

AD2d 394 [1997]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.