■ HAMMAD CHATAH, Appellant, v LUIS A. IGLESIAS et al., Respondents. [772 NYS2d 522]—

Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about January 9, 2002, which granted defendants' motion for summary judgment dismissing the complaint for failure to establish a serious injury as defined by Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

This is a personal injury action arising from an automobile accident. In determining a motion for summary judgment where the issue is whether the plaintiff has sustained a serious injury as defined by Insurance Law § 5102 (d), the initial burden is on the defendant to present competent evidence that the plaintiff has no cause of action (*see Rodriguez v Goldstein*, 182 AD2d 396 [1992]). In this case, defendants met their burden by presenting

reports of two doctors who conducted independent medical examinations. These reports indicated that both doctors had reviewed plaintiff's medical records which included references to the MRI reports of plaintiff's cervical and lumbar spines. The reports generated by defendants' doctors indicated that the MRI reports found disc bulges at C4-C5 and C5-C6 and disc herniation at L3-L4 and L4-L5. However, defendants' doctors nevertheless concluded that there were no objective positive findings based on the independent medical examinations which correlated to the positive findings contained in the MRI reports. Defendants also submitted an affirmation from a radiologist who reviewed the MRI film and concluded that neither MRI indicated disc bulges or disc herniations in any areas.

Whether plaintiff suffered a serious injury is a factual issue raised by his treating physician's affirmation. Plaintiff's doctor's affirmation correlates plaintiff's claimed inability to engage in his customary daily activities for over six months following the accident to quantified range of motion limitation findings based upon his own physical examination and upon the positive MRI reports, as set forth above as having first been offered and relied on by defendants (*Rice v Moses*, 300 AD2d 213 [2002]).

These objective medical findings coupled with plaintiff's treating doctor's affirmation, which contains a finding of permanency and causally relates his injuries to the underlying accident (*see Caraballo v Pearson*, 261 AD2d 565 [1999]; *cf. Komar v Showers*, 227 AD2d 135 [1996] [insufficient evidence to connect plaintiff's injuries to accident]), are sufficient to defeat defendants' motion. Concur—Nardelli, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.