■ MICHAEL SHAW, Respondent, v LOOKING GLASS ASSOCIATES, LP, Appellant, et al., Defendant. [779 NYS2d 7]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.),

entered August 12, 2003, which granted plaintiff's motion for renewal of the order, same court and Justice, entered March 14, 2003, granting defendants' motion and cross motion for summary judgment and, upon renewal, denied defendants' motions for summary judgment, unanimously modified, on the law, defendants' motions granted and the complaint dismissed, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff commenced this action in order to recover damages for injuries allegedly sustained as the result of a motor vehicle accident which occurred at Laconia Avenue and East 212th Street, Bronx, New York. The vehicle plaintiff was operating was purportedly struck on the driver's side by a vehicle owned by defendant Looking Glass Associates, LP and operated by defendant Karen Lewis. Plaintiff, in order to satisfy the serious injury mandate set forth in Insurance Law § 5102 (d), alleged injuries, inter alia, to his neck, a C6-7 disc herniation, posterior disc bulges at C3-4 through C5-6, and sprain and strain of the lumbosacral joint ligament.

Looking Glass subsequently moved, and Lewis cross-moved,* for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury pursuant to Insurance Law § 5102 (d). In support of their motions, defendants submitted plaintiff's Montefiore Medical Center records, which indicate that plaintiff ambulated at the scene, had not lost consciousness, and that a neurological examination was normal and an X ray of the cervical spine was negative. Plaintiff was given Motrin and discharged with a diagnosis of "pain, neck." Dr. Sondra J. Pfeffer, a board-certified radiologist, reviewed a cervical MRI performed on plaintiff and opined that an alleged herniated disc could not be confirmed, and that plaintiff suffered from chronic, degenerative disc disease that predated the accident. Dr. Marvin L. Shelton, a board-certified orthopedic surgeon, examined plaintiff on defendants' behalf and found plaintiff's gait and stance, as well as his cervical and thoracic spine postures, to be normal, no muscle spasm, full range of motion in the cervical spine with no crepitation or local tenderness, and full range of motion in the right shoulder, with no muscle atrophy. Dr. Shelton opined that plaintiff's neck, back, right shoulder and right knee complaints did not correlate with any objective evidence of disease and there was no convincing objective evidence of permanent injury resulting from the accident.

---

* Lewis's cross motion simply relies on the submissions and arguments of Looking Glass in support of its motion for summary judgment.

Plaintiff, in opposition, submitted an attorney's affirmation, excerpts from his deposition testimony, a copy of the bill of particulars with an unsworn MRI report, the face page of his Montefiore Medical Center Emergency Room chart, a copy of his supplemental bill of particulars with a sworn report from Dr. Madhu B. Boppana, and the unsworn notes and undated affirmation of Dr. Ernest R. Marrone, a chiropractor.

The motion court thereafter granted defendants' motions, finding that plaintiff had failed to rebut defendants' evidence and establish, by evidence in admissible form, that he had sustained a serious injury as defined by statute. The motion court noted that the unsworn reports of the examining doctor and chiropractor could not be considered and that the sworn report of Dr. Boppana offered nothing to buttress plaintiff's claims.

Plaintiff, as a result, moved for leave to reargue and renew the motion court's order and, in support, submitted an attorney's "affidavit," all of the previously submitted papers and exhibits, including the affidavit of Dr. Marrone, the chiropractor, which was now sworn to before a notary public. The motion court granted the motion to renew and, upon renewal, denied defendants' motions for summary judgment on the basis of Dr. Marrone's now admissible affidavit. Defendant Looking Glass appeals and we now modify to dismiss the complaint.

Initially, we find that in the absence of any prejudice to defendants attributable to the delay, renewal was properly granted to plaintiff to correct a procedural oversight on the previous motion and allow the submission of Dr. Marrone's affidavit in admissible form (*see Cespedes v McNamee*, 308 AD2d 409, 410 [2003]; *Ramos v Dekhtyar*, 301 AD2d 428, 429 [2003]).

With respect to the substantive issues raised herein, the proponent of a motion for summary judgment, where the issue is whether plaintiff has sustained a serious injury as defined by Insurance Law § 5102 (d), has the initial burden of establishing, by competent evidence, that plaintiff did not suffer a serious injury causally related to the accident (*Franchini v Palmieri*, 1 NY3d 536 [2003]; *Chatah v Iglesias*, 5 AD3d 160 [2004]). Once defendant meets this initial threshold, the burden shifts to plaintiff to offer proof, in admissible form, which creates a material issue of fact requiring a trial (*Franchini v Palmieri, supra* at 536; *John v Engel*, 2 AD3d 1027, 1028 [2003]).

In the matter before us, defendants clearly satisfied their initial burden through the submission of plaintiff's Montefiore Medical Center records and the detailed reports of Dr. Pfeffer and Dr. Shelton. Defendants' prima facie showing, in fact, is not

placed in issue by plaintiff, and once the burden shifted, plaintiff failed to demonstrate the existence of a material issue of fact requiring a trial. The affidavit of Dr. Boppana, as noted by the motion court in its prior decision, is devoid of any substantive information regarding plaintiff's claims. Moreover, Dr. Marrone's newly admissible affidavit fails to identify, or describe, the objective medical tests he employed in order to measure the alleged restrictions in plaintiff's range of motion, or to pinpoint plaintiff's "muscle spasm, with trigger points" (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 357 [2002]; *John v Engel, supra* at 1028), and findings based on subjective complaints of pain are simply insufficient to raise a triable issue under Insurance Law § 5102 (d) (*see Arrowood v Lowinger,* 294 AD2d 315, 316 [2002]; *Charlton v Almaraz,* 278 AD2d 145, 146 [2000]). Moreover, Dr. Marrone fails to address defendants' expert's statement that plaintiff suffered from chronic degenerative disc disease, which condition predated the accident, or how that condition may have impacted on his diagnosis (*see Lagois v Public Adm'r of Suffolk County,* 303 AD2d 644 [2003]). Indeed, Dr. Marrone's diagnostic statements appear to be nothing more than conclusory assertions tailored to meet statutory requirements, which are insufficient to rebut defendants' prima facie showing. Accordingly, defendants are entitled to summary judgment dismissing the complaint. Concur—Nardelli, J.P., Lerner, Friedman and Gonzalez, JJ.