■ Joe N. Caldwell, Appellant, v Ellen M. Grant, Respondent. (Appeal No. 1.) [817 NYS2d 553]—Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered April 13, 2005 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered October 13, 2005 in a personal injury action. The order, insofar as appealed from, upon reargument, adhered to the court's prior decision.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries allegedly sustained in a motor vehicle accident. He now appeals from an order granting his motion for leave to reargue and, upon reargument, adhering to Supreme Court's prior decision granting defendant's motion for summary judgment dismissing the complaint. The complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury under three categories of serious injury as defined in Insurance Law § 5102 (d), i.e., the significant limitation of use, the permanent consequential limitation of use and the 90/180 categories. As plaintiff correctly concedes, defendant met her initial burden on the motion for summary judgment by establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and thus the burden shifted to plaintiff to raise a triable issue of fact (*see Sandoro v Andzel*, 307 AD2d 706 [2003]). We reject the contention of plaintiff that he raised a triable issue of fact whether he sustained a serious injury under the significant limitation of use and the permanent consequential limitation of use categories by submitting the affidavit of his treating chiropractor in opposition to the motion. The evidence submitted by defendant, including plaintiff's medical records, several MRI reports and an expert opinion, established that plaintiff had a preexisting degenerative injury to his cervical spine. The affidavit of plaintiff's treating chiropractor failed to address these findings, except in conclusory terms, and thus was insufficient to raise a triable issue of fact (*see Lagois v Public Adm'r of Suffolk County*, 303 AD2d 644 [2003]; *Monette v Keller*, 281 AD2d 523 [2001]; *Watt v Eastern Investigative Bur.*, 273 AD2d 226 [2000]).

In addition, while plaintiff demonstrated that he had a herniated disc, "[p]roof of a herniated disc, without additional objec-

tive medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (*Pommells v Perez*, 4 NY3d 566, 574 [2005]). The affidavit of plaintiff's treating chiropractor did not constitute " 'objective evidence of the extent or degree of the alleged physical limitations resulting from this disc injury' " (*Owen v Rapid Disposal Serv.*, 291 AD2d 782, 782-783 [2002]) inasmuch as it failed to provide a numeric percentage of plaintiff's loss of range of motion or a qualitative assessment of plaintiff's condition (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]). Thus, because plaintiff failed to raise a triable issue of fact whether he sustained a serious injury under the significant limitation of use and permanent consequential limitation of use categories of serious injury, and because plaintiff did not oppose the motion with respect to the 90/180 category, we conclude that defendant's motion for summary judgment was properly granted.

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.